### JOHN NUGENT v. THE STATE.

No. 3009.  Decided March 25, 1904.

**Charge of the Court—Insanity.**
See opinion for a charge on insanity in criminal cases, which is held to be correct.

Appeal from the District Court of Lamar.  Tried below before Hon. Ben H. Denton.

Appeal from a conviction of burglary; penalty, nine years imprisonment in the penitentiary.

No statement is necessary.

No brief of appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of burglary, his punishment being assessed at nine years confinement in the penitentiary.

Appellant sets up two grounds in his motion for new trial; first, that the court erred in his charge on insanity. The charge is as follows:

"Among other defenses made in this case is that of insanity or idiocy. You are charged that only a person with a sound memory and discretion can be punishable for a crime, and that no act done in a state of insanity or idiocy can be held punishable as an offense. Every man is presumed to be sane until the contrary appears to the jury trying him. He is presumed to entertain, until this appears, a sufficient degree of reason to be responsible for his acts; and to establish a defense on the ground of insanity or idiocy, it must be clearly proved that at the time of committing the act the party accused was laboring under such defect of reason, from disease of mind, as not to know the nature or quality of the act he was doing; or if he did know that, he did not know he was doing wrong—that is, that he did not know the difference between the right and wrong as to the particular act charged against him. The insanity or idiocy must have existed at the very time of the commission of the offense, and the mind must have been so dethroned of reason as to deprive the person accused of a knowledge of the right and wrong as to the particular act done. You are to determine from the evidence in this case the matter of insanity or idiocy. it being a question of fact, controlled so far as the law is concerned by the instructions herein given you. In case you find from the evidence that the defendant was insane or an idiot at the time of the commission of the act, and you acquit him, under the instructions heretofore given you, you will state in your verdict that you have acquitted defendant on the grounds of insanity, or idiocy, and the burden of proof to establish his plea of insanity or idiocy devolves upon defendant." The charge of the court is correct.

The other insistence of appellant is that the evidence is not sufficient to support the verdict of the jury. We have carefully read the record, and in our opinion the evidence amply supports the conviction. The judgment is affirmed.

*Affirmed.*