VEST STANFIELD v. THE STATE.

No. 3108.   Decided May 16, 1906.

**1.—Theft of a Horse—Insanity—Reasonable Doubt—Charge of Court.**

Where upon trial for the theft of a horse, the evidence showed that the plea of insanity was of a rather flimsy character, there was no error in the charge of the court that the burden was on the appellant to clearly prove his insanity by a preponderance of the evidence. although this was not followed by an instruction that the defendant need not establish his insanity beyond a reasonable doubt, as is the rule in such cases.

**2.—Same—Permanent Appropriation.**

Where upon trial for the theft of a horse, the defendant's statement was that. he merely took the horse to ride, that he used him openly, and made no attempt to dispose of him, and that issue was submitted to the jury under defendant's requested instruction, the conviction will not be disturbed.

Appeal from District Court of Travis. Tried below before the Hon. George Calhoun.

Appeal from a conviction. of a theft of a horse; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Dickens & Cupp,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the theft of a horse, and his punishment assessed at five years confinement in the penitentiary; hence this appeal. The State's testimony shows that the horse in question belonged to a Mexican, Ismael Guerrero, who lived beyond Onion Creek, on the south side of the Colorado River, some six or seven miles from Austin. The horse in question was turned into the pasture. On Friday morning, April 27, 1905, the horse was missed from the pasture. Four wires of the fence were cut where the horse was evidently taken out. Guerrero, and his neighbor Gomez came to Austin on Saturday in search of the horse, and to advertise the matter. While in Austin they discovered a negro boy (appellant) riding the horse down Nueces street, some little distance from them. Evidently the boy saw them, and turned and ran, making his escape. Meantime they notified the officers and returned to their home. On Sunday or Monday following, they were notified by the officers that the horse had been found. The officers found appellant and another negro boy riding the horse on one of the main streets of Austin. They took appellant in custody and returned the horse to the owner who identified it. The proof further showed that appellant had been living some months over in the neighborhood, where the owner of the horse lived, and worked there for various neighbors. Appellant's defense was insanity, and that he did not take the horse to permanently appropriate him, but merely to ride. The proof on this latter proposition was a statement by appellant to the officer when he arrested him, that he took the horse to ride across Onion Creek; that he could not cross the creek; and the fact that he seemed to have the horse openly in Austin, and the record shows no attempt on his part to dispose of him. The proof as to defendant's insanity was by the boy's mother, who stated he was of weak mind. Several of the neighbors of prosecutor, testified to having employed the boy to work for them and to do farm· work, and that he did not seem to have good sense; that he did not

seem to comprehend how to do his work on the farm, and that they did not regard him as of sound mind.

Appellant insists that the court erred in his charge to the jury on insanity in instructing them that the burden was on appellant to clearly prove his insanity by a preponderance of the evidence. This question was discussed and the authorities investigated in Hurst v. State, 40 Texas Crim. Rep., 378. There, after reviewing the cases, it was held that such a charge, where it was followed by a further charge to the effect that this did not mean that the insanity of appellant had to be established beyond a reasonable doubt, was not error. In McCullough v. State, decided at present term this doctrine was followed. In that case a similar charge was given, but it was followed by a number of charges requested on the part of appellant which in effect instructed the jury this did not mean the burden was on appellant to prove his insanity beyond a reasonable doubt. In Nugent v. State, 46 Texas Crim. Rep., 67, the exact charge here given was approved. There is no discussion of the question, nor is it shown that there was not in the record a charge of the court explaining that it was not meant that appellant had to prove his insanity beyond a reasonable doubt. Such a charge may have been given in that case. We are inclined to the view that wherever the issue of insanity is made, and a charge is given instructing the jury as here, that the burden is on him to show his insanity, not only by a preponderance of the evidence, but that this must be clearly proved,—the court, especially when requested, should give a charge to the effect that this does not mean that the burden is on appellant to establish his insanity beyond a reasonable doubt. However, while there was evidence of weakness of mind on the part of appellant, the evidence of insanity was of a rather flimsy character, and we do not believe the refusal of the court to charge as suggested above was error.

One of appellant's defenses was to the effect that he had no intention to permanently appropriate the horse, but merely took him to ride across Onion Creek; and he offered some evidence to this effect. However, the court gave appellant's requested special instruction on this subject, and this matter was fairly presented to the jury and determined by them against appellant's insistence. We do not feel authorized to disturb their verdict. The judgment is affirmed.

*Affirmed.*